Jeffrey K. FREITAS, Petitioner,

v.

DEPARTMENT OF THE
ARMY, Respondent.

No. 01–3054.

United States Court of Appeals,
Federal Circuit.

April 6, 2001.

Before MICHEL, BRYSON, and LINN, Circuit Judges.

MICHEL, Circuit Judge.

This is a federal employment case. Jeffrey K. Freitas appeals from the February 25, 2000 decision of the Merit Systems Protection Board ("Board"), made final by the September 11, 2000 decision declining review, to uphold the removal of Freitas from federal service for inappropriate behavior. Because we conclude that there are no legal or procedural errors and that

the Board's decision was supported by substantial evidence, we *affirm*.

## Background

Until his removal, Freitas was employed as a Lead Firefighter by the Department of the Army. While on duty on February 22, 1999, Freitas became angry at another firefighter, Gayland Enriques, who was visiting the firehouse on official business. In 1995, Enriques had recommended Freitas for removal. Upon seeing Enriques, two other firefighters testified Freitas said to "stop me before I hurt somebody." Freitas also hit the ground with an ax several times.

In response to this incident, the Army charged Freitas with inappropriate behavior that was perceived as threatening in nature. After providing Freitas with a notice of his proposed removal and an opportunity to respond, the Army removed Freitas from federal service on September 26, 1999.

Freitas filed an appeal to the Board. On February 25, 2000, the Board issued an initial decision affirming the removal action. The Administrative Judge ("AJ") based his decision on his findings that: 1) two eyewitnesses had testified that Freitas acted in a threatening manner towards Enriques; 2) Freitas' own testimony confirmed key aspects of the other witnesses' testimony, including the fact that he was upset at Enriques, and that he had slammed the ax into the ground several times. The Board's decision became final on September 11, 2000. On November 13, 2000, Freitas filed a timely notice of appeal with this court.

## Discussion

We must affirm the Board's decision unless Freitas establishes that it is either: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. *See* 5 U.S.C. § 7703(c); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir.1998).

■ An agency may take adverse action, such as removal, against any employee only for such cause as will promote the efficiency of the service. 5 U.S.C. § 7313(a). In deciding whether an incident constitutes a threat, the Board must apply a reasonable person criterion, considering the listeners' reactions and apprehensions, the wording of the statement, the speaker's intent, and the attendant circumstances. *See Metz v. Dep't of the Treasury*, 780 F.2d 1001, 1004 (Fed.Cir. 1986). An implied threat can be a basis for disciplinary action. *See Hutson v. Dep't of the Interior*, 67 M.S.P.R. 432, 437 (1995).

■ Freitas disputes the Board's finding that his conduct could be reasonably perceived as threatening. He argues that Jay Tolentino, a police officer present at the time of the incident, did not perceive his statements and acts as threatening. Freitas also argues that he never said that he intended to hurt anyone. The AJ did not find Freitas' version of events credible. The Board credited the testimony of two eyewitnesses who testified that Freitas said that one of them should prevent him from hurting somebody, meaning Enriques. The AJ also noted that Freitas himself had testified that he was upset at Enriques, and admitted pounding the ax into the ground. In view of this evidence and these findings and assessments of credibility, we do not find the Board's decision to be in error.

■ The Board also properly concluded that Freitas' removal was a reasonable penalty. At the Board hearing, Deciding Official Bryson Jhung testified that Frei-

**940**

tas' inappropriate conduct is of a type that negatively and seriously impacts the organization and causes internal turmoil. He also testified that Freitas, as Lead Firefighter, is responsible for providing leadership and supervision to a crew of firefighters, and is expected to serve as an example to his crew members. Jhung further testified that he took into account the fact that Freitas had two disciplinary actions on his record, but that ultimately these factors did not "weigh" in his decision because of the seriousness of Freitas' misconduct.

For the foregoing reasons, we hold that the Board's decision was supported by substantial evidence. Accordingly, we affirm.